IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

Luther C. Spigner, IV,
Petitioner,
v.
Director Clarendon County Detention Center,
Respondent.

Case No. 6:26-cv-02027-SAC

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. For the reasons stated herein, this matter is DISMISSED without prejudice.

**BACKGROUND**

Petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Petitioner seeks relief from an order of contempt entered by the Clarendon County Family Court (the "Family Court") as part of child support proceedings before it. *See* ECF No. 1-2. The Family Court ordered that Petitioner be confined for failing to pay child support. *See id.* Petitioner alleges his due process rights were violated because the Family Court did not consider his inability to pay the child support ordered; he was arrested without notice and opportunity to be heard; he was imprisoned without competent evidence presented to show he had an ability to pay the child support owed; and he was denied an evidentiary hearing and post-judgment relief. ECF No. 1-2 at 5-10. Petitioner contends he filed an appeal of his post-judgment motions that is still pending before the South Carolina Court of Appeals. *Id.* at 6, 8, 9, 11.

On August 7, 2026, the Magistrate Judge issued a Report recommending that this action

be summarily dismissed without prejudice because Petitioner has not exhausted his state court remedies and the South Carolina appellate court may still provide the remedy he seeks. ECF No. 14. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. Petitioner has not filed any objections and the time to do so has lapsed.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)).

## CONCLUSION

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is **DISMISSED** without prejudice, without leave to amend, and without requiring Respondent to file a return

because Petitioner has failed to exhaust his state court remedies.

**IT IS SO ORDERED.**

United States District Judge

October 1, 2026
Greenville, South Carolina

**CERTIFICATE OF APPEALABILITY**

Under the rules governing § 2254 Cases, the district court must issue or deny a certificate of appealability when the district court enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. Without "a substantial showing of the denial of a constitutional right," the district court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right is made when the district court denies relief on the merits and reasonable jurist would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). The showing is also made when the court denies relief on procedural grounds and the petitioner demonstrates both the dispositive procedural ruling is debatable and the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Having adopted the reasoning in the Report, the Court has determined the legal standard for the issuance of a certificate of appealability has not been met and therefore denies issuing the same.